FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ OCT 19 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

– against –

Michael Grinblat

Defendant.

09-cr-455

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted). Although a written statement of reasons pursuant to

1

18 U.S.C. § 3553(c)(2) is not necessary when the court imposes a guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On November 12, 2009, Michael Grinblat pled guilty to a single count superceding indictment, which charged that between December 2009 and February 2009, he, together with others, conspired to distribute and possessed with intent to distribute ecstasy, in violation of 21 U.S.C. §§ 846 and 841 (b)(1)(C).

Grinblat's sentencing commenced on April 16, 2010 and was completed on October 15, 2010. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be 13 and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between 12 and 18 months. *See* Transcript of Sentencing ('Tr. Sent'g"), Docket No. 183, p. 13. Probation calculated defendant's total offense level to be 25, yielding a guidelines range of imprisonment of 57 to 71 months. This calculation was based on the government's position that defendant was accountable for 4,572 ecstasy pills, or an equivalent of 571 kilograms of marijuana. *Id.* at p. 10-11. The court finds a base offense level of 16 is proper based on Grinblat's responsibility for 250 ecstasy pills, or an equivalent of 13 kilograms of marijuana. *Id.* "In view of the leadership role of the previously sentenced defendant, who had his own general conspiracy and utilized a number of individual distributors . . . .[,]" Grinblat's role could be considered an "individual offshoot of the conspiracy." *Id.* at 12.

The calculation of the total offense level included a three-point deduction for acceptance of responsibility. The offense carries a maximum term of imprisonment of 240 months. 21 U.S.C. § 841(b)(1)(C) The guidelines range of fine was from $10,000 to $1,000,000.

Grinblat was sentenced to 18 months' incarceration and three years' supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). A sentence within the guidelines range is appropriate in this case. *See* 18 U.S.C. § 3553(a)(4)(A).

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Conspiracy to distribute and possession with intent to distribute ecstasy is a serious crime. Defendant admitted to having a strong drug dependency to marijuana and Oxycodone and has been unsuccessful in outpatient treatment. Incarceration is needed to terminate his drug dependence. It is recommended that the defendant be incarcerated at Federal Correctional Institution Otisville where he may participate in the intensive drug treatment program. *See* Tr. Sent'g at p. 15.

A sentence of 18 months imprisonment reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A). In addition, the sentence will allow sufficient time for defendant to participate in drug treatment while in prison. The court postponed defendant's sentence so that he could finish his college education. Defendant chose to discontinue school. The fact that he will not complete school

school while incarcerated is not a substantial factor in his favor. *See* Tr. Sent'g at 24-25. Immediate incarceration is necessary due to the nature of defendant's dependency and his failure to comply with pretrial requirements. *Id.* at 25.

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in conspiracy to distribute and possession with intent to distribute ecstasy will result in a substantial prison sentence. Specific deterrence is achieved through incapacitation and the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity in light of his remorse, commitment to obtain an education and obligations to his family.

Jack B. Weinstein
Senior United States District Judge

Dated: October 18, 2010
Brooklyn, New York